867 P.2d 989

Homer and Ruth CHAMBERS, husband and wife; David and Linda Johann, husband and wife; Douglas R. Krier; Calvin and Carolyn Nipp, husband and wife; and James and Judy Vogt, husband and wife, Plaintiffs–Appellants,

v.

KOOTENAI COUNTY BOARD OF COMMISSIONERS, Defendant–Respondent,

and

Quad Park, Inc., Intervenor–Respondent.

No. 20095.

Supreme Court of Idaho,
Coeur d'Alene, October, 1993 Term.

Jan. 21, 1994.

Wetzel & Fasnacht, of Coeur d'Alene, for appellants. Steven C. Wetzel argued.

Scott L. Wayman, Kootenai County Chief Civil Deputy Atty., Coeur d'Alene, for respondent Kootenai County.

**116**

TROUT, Justice.

## PARTIES

The appellants are Homer and Ruth Chambers, David and Linda Johann, Douglas R. Krier, Calvin and Carolyn Nipp, and James and Judy Vogt (Landowners). The respondents are Kootenai County (County) and Quad Park an intervenor/respondent.

## BACKGROUND

This appeal is the product of a long running zoning dispute centering around Quad Park, a softball complex in Kootenai County, that consists of four softball fields in an agricultural suburban neighborhood. In 1986, Quad Park applied to the County for a conditional use permit to build the four softball fields. The County granted the conditional permit with the conditions that artificial lighting would not be used to light the fields, that softball play would not extend beyond 10:00 p.m., and that the only activity on the fields would be softball.

In 1989, Quad Park applied to modify its existing conditional use permit to allow artificial lighting and to extend the time of play on the fields until 11:00 p.m. This application for modification was denied by the County as contrary to the community's comprehensive plan.

Nine months after the application for modification was denied Quad Park applied for a new conditional permit asking the County's permission to use artificial lighting and extend the hour of play on the fields until 11:00 p.m. A public hearing was held on the request and the hearing examiner recommended the permit be denied. On review, the Kootenai County Board of Commissioners examined the evidence gathered at the public hearing. In addition, the commissioners examined other outside evidence not presented at the public hearing and decided to grant the new conditional use permit.

The Landowners challenging the decision appealed to the district court for review. The district court on review found that due process requirements were not complied with by the commissioners in reaching their decision and that the record on appeal was defi-cient. The district court remanded the case back to the commissioners for further proceedings.

The Landowners now challenge the district court's remand and ask this Court to review the commissioners' decision. The Landowners assert that the County does not have the authority to grant a new conditional use permit which modifies an existing permit or the authority to grant a modification of an existing permit, at least without some showing of a change of circumstances from the time the permit was originally issued. The Landowners also argue that it was unnecessary for the district court to remand the case back to the commissioners because there was a sufficient record from which it could rule. Finally, the Landowners assert the district court erred in both reversing and remanding the commissioners' decision regarding the conditional permit as being outside the scope of the district court's authority on review provided in I.C. § 67–5215(g).

### I.

### Scope and Standard of Review

▉ When the district court acts in an appellate capacity, on appeal this Court can review the record independently of the district court's decision. *Eastern Idaho Reg. Med. Ctr. v. Board of Comm'rs of Bonneville County,* 122 Idaho 241, 833 P.2d 99 (1992), *citing Ferguson v. Board of County Comm'rs of Ada County,* 110 Idaho 785, 718 P.2d 1223 (1986). The standard of review of an agency decision is set forth in I.C. § 67–5215(g). *Eastern Idaho Reg. Med. Ctr.,* 122 Idaho 241, 833 P.2d 99 (1992); *citing St. Alphonsus Reg. Medical Center, Ltd. v. Canyon County,* 120 Idaho 420, 816 P.2d 977 (1991).

### II.

The Landowners argue that the County does not have the authority to grant a new permit which, in effect, alters an existing permit, or to modify outright an existing conditional use permit. In the alternative, the Landowners assert that there must be changed circumstances for the County to alter any existing conditional permit.

First, we must determine if Quad Park filed an application to modify its existing conditional permit or an application for a new limited conditional use permit, to allow lighting and to extend the duration of play to 11:00 p.m. on the softball fields. After careful review of the orders entered by the Kootenai County Board of Commissioners, it is apparent that Quad Park filed an application for modification of the existing conditional use permit with the County in 1989. That application was rejected by the commissioners. In 1991, Quad Park filed for a new conditional permit, evidenced by the assignment of a new number to the permit request, C–732–90, where the original permit was numbered, C–572–85. We recognize that the net effect of this new permit, which was partially granted by the County, rendered obsolete the condition of "no flood lighting" in the original conditional use permit. However, we are still faced with a request by Quad Park to the County for a new conditional use permit, limited to requesting the County to allow artificial lighting and to extend the time of softball play in the evening. Therefore, there is no need to address whether the County has the authority to modify Quad Park's original conditional use permit via an application for modification.

Starting from the premise that Quad Park requested a new conditional use permit limited to a request to the County to allow artificial lighting, and an extension of time, we hold that the County has the authority to grant such a new permit.

■ The legislature set forth a system of land use management by enacting the Local Planning Act which accommodates the needs of changing communities by allowing local government authorities to adopt an ordinance which allows it to grant conditional or special use permits for uses which may not meet specified ordinances. I.C. § 67–6512. Conditional use permits may be granted provided the use is still in compliance with the community comprehensive plan. I.C. § 67–6512. A conditional use permit can be granted subject to conditions upon which the land may be used. I.C. § 67–6512. There is no indication in the statute that once a conditional permit is granted the conditions upon which it was granted cannot be changed or deleted; nor does the statute prohibit new conditions from being added. Certainly, the statute does not preclude the filing of an application for a new conditional use permit. Rather, the statute specifically emphasizes that conditional use permits are not to be binding upon a future decision whether to grant or deny any other conditional use permit. I.C. § 67–6512. This presumption against the binding effect of conditional permits indicates the need for flexibility in land use planning and the need for the adaptation of specific uses to a given parcel of land.

Given the fact that the counties have been granted the power to grant conditional use permits, coupled with the need for flexibility in land use planning and the lack of a prohibition on when conditions may be changed, we are convinced that the counties have the authority to grant new conditional use permits which modify existing permits.

■ Likewise, there are no mandates in the Local Planning Act as to when conditional permits may or may not be granted, aside from non-compliance with the community master plan. I.C. § 67–6512. The Landowners would have this Court impose a judicial standard requiring changed circumstances before a new application may be considered. However, this Court is not inclined to graft upon the Local Planning Act a judicial standard of changed circumstances which is not present in the statute. Changed circumstances is simply not within the spirit of the statutory zoning scheme maintaining flexibility in zoning decisions. Ordinances can be adopted to provide time limits as to when permits may be applied for or provide a waiting period between successive applications. This is the appropriate way for a community to deal with repetitive applications.

### III.

■ The district court on review determined that the commissioners did not comply with due process standards as established by this Court and remanded the case back to the commissioners for further proceedings. We agree.

In *Cooper v. Board of County Comm'rs of Ada County,* 101 Idaho 407, 411, 614 P.2d 947, 951 (1980), we held that a decision by a zoning board applying general rules or specific policies to specific individuals, interests or situations, are quasi-judicial in nature and subject to due process constraints. The commissioners entered an order granting Quad Park a conditional use permit for the use of high powered lighting. This action by the commissioners was the application of specific policies, the circumvention of a county ordinance through the granting of a conditional use permit, to a specific interest. This can be distinguished from the annexation of land by a county that was held to be a legislative action, rather than a quasi-judicial decision. *Burt v. City of Idaho Falls,* 105 Idaho 65, 665 P.2d 1075 (1983). Therefore, due process safeguards must be followed.

This Court, in setting a standard of due process for quasi-judicial proceedings, held that: (a) a board of commissioners' failure to provide notice of its second meeting regarding an application (after the public hearing) where staff views were expressed; (b) the absence of a transcribable verbatim record of the proceedings; and (c) the failure to make specific finding of facts and conclusions upon which a decision was based, did not comport with notions of procedural due process. *Cooper,* 101 Idaho at 411, 614 P.2d at 951. In addition, the opportunity to present and rebut evidence, which is inferred from the right to notice and specific findings of fact, is an element of due process. *Gay v. County Comm'rs of Bonneville County,* 103 Idaho 626, 651 P.2d 560 (Ct.App.1982).

■ The commissioners in this case reviewed the recommendation of the hearing examiner arising from a public hearing held in accordance with Kootenai County Ordinance § 30.02. While reviewing the hearing examiner's recommendation the commissioners considered additional evidence not part of the hearing examiner's record.

The hearing examiner's report notes the following documentary evidence entered into the record:

(a) A site plan, prepared by the planning staff, showing the location of the property and the zoning and comprehensive plan designations;

(b) A site plan of the proposed landscape of Quad Park;

(c) 2 petitions submitted by applicants (one signed by 41 people, the other by 891 people);

(d) 2 petitions submitted by Jim Vogt (one signed by 165, the other signed by 79);

(e) A letter by Phil Taylor, a lighting expert;

(f) Photographs of the facilities;

(g) 3 videotapes;

(h) Notice of public hearing.

The commissioners considered the following evidence not found in the hearing examiner's record:

(a) a specification brochure regarding lighting systems not entered into the hearing examiner's record;

(b) two letters marked "too late for consideration"; these letters were submitted after the public hearing;

(c) editorials and newspaper articles.

Furthermore, the district court discovered that three video tapes were noted in the hearing examiner's report, yet only two were in possession of the commissioners when they made their decision. None of these tapes are in the appeal record. The district court also noted that two charts considered by the commissioners were missing from the appeal record. Neither of these charts is in this Court's appeal record. Finally, one eighth of the audio tape of the commissioners' March 20, 1991 meeting is inaudible, and was relevant because the commissioners were discussing the lighting system at the time.

■ The commissioners, in reaching their decision, must confine themselves to the record as established at the public hearing. *Cooper,* 101 Idaho at 411, 614 P.2d at 951; *Gay,* 103 Idaho at 629, 651 P.2d at 563. The deviations by the commissioners from the record as established by the hearing examiner, along with the deficiencies in the appellate record, evidence that due process safeguards were not satisfied. In essence, the commissioners conducted a second fact gathering session without proper notice. Further, the transcript is questionable as to whether it is even a verbatim transcript, as pertinent parts of it are missing. We there-

fore remand the case back to the commissioners.

## IV.

█ Finally, the Landowners argue that the district court did not have the power to both reverse and remand the commissioners' decision under I.C. § 67–5215(g). Although I.C. § 67–5215(g) is not a model of clarity in regard to the combined relief a reviewing court may afford, the statute clearly vests with the district court and this Court the authority to prevent application of the commissioners' decision. In a given situation involving a conditional use permit, if there were a procedural error, or error of law, the commissioners' decision would need to be reversed; thereafter, the case would also need to be remanded to the commissioners to grant or deny the permit because the reviewing court does not grant or deny conditional use permits. Although this is not a case where a reversal was necessary, the district court's decision indicates it properly vacated the commission's decision and remanded the case for further proceedings. The district court clearly had the authority by virtue of I.C. § 67–5215(g) to vacate the commissioners' decision and remand the case for further proceedings.

## CONCLUSION

We find that Kootenai County does have authority under the Idaho zoning statutes to grant a limited new conditional use permit which modifies an existing conditional use permit. We further hold that there is no basis in the statutory scheme for requiring proof of changed circumstances before such a modification may be ordered. Under I.C. § 67–5215(g), the reviewing court properly vacated and remanded the commissioners' decision. The case is remanded for further proceedings consistent with this opinion. No attorney fees to either side on appeal.

McDEVITT, C.J., and JOHNSON and SILAK, JJ., concur.

BISTLINE, J., concurs in the result.