917 P.2d 409

**T.J. ANGSTMAN, Petitioner–Appellant,**

v.

**CITY OF BOISE, a municipal corporation and political subdivision of the State of Idaho, Respondent.**

No. 21978.

Court of Appeals of Idaho.

May 20, 1996.

Charles B. Lempesis, Boise, for appellant.

Givens, Pursley & Huntley, Boise, for respondent. Patrick J. Miller argued.

WALTERS, Chief Judge.

This is an appeal from an order by the district court upholding a decision of the Boise City Council which approved a conditional use permit for the construction of an apartment complex. For the reasons stated as follows, we affirm.

## I.

### FACTS AND PROCEDURE

T.J. Angstman applied for a conditional use permit to allow the construction of a forty-unit residential complex on a 3.38 acre lot on Kendall Street in Boise. The Planning and Zoning Commission (P & Z Commission) held a public hearing for consideration of the application. On November 29, 1993, the P & Z Commission approved the requested conditional use permit and an infill density bonus,[1] which together allowed for the construction of forty units on the Kendall Street site.

James R. Bungard, who lived near the proposed development, filed an appeal with the Boise City Council (Council) protesting the conditional use permit. *See* Boise City Code § 11–03–07.2. Bungard ostensibly filed the appeal on behalf of the Rim–Garden Neighborhood Association. Angstman received notice of the appeal. He claims, however, that he was never apprised of his rights or obligations in responding to that appeal. The Council heard Bungard's appeal on January 18, 1994. Angstman appeared at that time and objected to the Council's hearing of the appeal on the basis that neither Bungard nor the association had appeared in person or in writing at the initial P & Z Commission hearing and were therefore procedurally barred from appealing from the decision of the P & Z Commission. Angstman relied upon Boise City Code § 11–3–7.2, which provides that a person aggrieved by a decision of the P & Z Commission may appeal to the Boise City Council only if "such aggrieved person filed a written or oral protest with the Commission at or before the public hearing or personally appeared and voiced a protest at the hearing...." The Council continued with the hearing and received public testimony, despite Angstman's objections. The Council affirmed the P & Z Commission's award of the conditional use permit, but reduced the density bonus and approved construction of only thirty-three units.

The Council met again on February 22, 1994, to address procedural concerns raised by both parties. At the conclusion of this

1. An infill density bonus allows amplified development from that otherwise provided by the zoning ordinances as an incentive to utilize vacant lots existing in already largely developed areas.

hearing, the Council determined that Angstman was procedurally barred from raising any objection to Bungard's appeal. The Council's rationale took the following route. According to the Boise City Code, the Planning Director must determine if an appellant has met the procedural requirements for bringing an appeal from a decision of the P & Z Commission. Boise City Code § 11–06–12.4. In this case, the Planning Director implicitly found that the requirements were met and certified Bungard's appeal to the Council. Boise City Code § 11–06–12.2 provides that "any person aggrieved by any decision of the Planning Director may file an appeal" with the P & Z Commission. The Council reasoned that Angstman was required by this section to file his objection to the Planning Director's certification of Bungard's appeal with the P & Z Commission. The Council found that because Angstman did not seek relief from the P & Z Commission, regarding the Planning Director's decision to certify Bungard's appeal, his objection was barred and Bungard's appeal was therefore properly heard.

Angstman appealed to the district court, seeking review of the Council's decision. The district court affirmed the action taken by the Council. Angstman now appeals to this Court claiming that the Council should never have heard Bungard's appeal and arguing for reinstatement of the decision of the P & Z Commission, which allowed a forty-unit complex. Angstman further claims that the Boise Council acted improperly by permitting a "hearing de novo" that included testimony and evidence on issues not properly before the Council on appeal. Angstman asserts that the Council did not properly review the record of the P & Z Commission. Finally, Angstman challenges the Council's authority to modify the P & Z Commission's decision by reducing the number of units approved for the Kendall Street site.

## II.

### ANALYSIS

**A. Standard of Review**

■ Pursuant to the Local Land Use Planning Act, persons aggrieved by the administrative decisions of a local zoning board may seek judicial review as provided in the Idaho Administrative Procedure Act. I.C. § 67–6521. In a subsequent appeal from a decision of the district court, acting in its appellate capacity on a review under the IAPA, this Court considers the agency record independently of the district court's decision. *First Interstate Bank of Idaho N.A. v. West,* 107 Idaho 851, 693 P.2d 1053 (1984); *Salinas v. Canyon County,* 117 Idaho 218, 786 P.2d 611 (Ct.App.1990). This Court will therefore review the actions of the Council. *See generally Sprenger, Grubb & Associates, Inc. v. City of Hailey,* 127 Idaho 576, 903 P.2d 741 (1995).

■ The standard of review is set forth in Idaho Code Section 67–5279. Pursuant to I.C. § 67–5279(3), a reviewing court shall affirm the agency action unless the agency's findings or conclusions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence; or (e) are arbitrary, capricious, or an abuse of discretion. *McCoy v. State, Dept. of Health and Welfare,* 127 Idaho 792, 907 P.2d 110 (1995); *Sprenger, Grubb & Associates, Inc.,* 127 Idaho 576, 903 P.2d 741 (1995); *Willig v. State, Dept. of Health & Welfare,* 127 Idaho 259, 899 P.2d 969 (1995). Notwithstanding these provisions, however, a court reviewing an administrative decision pursuant to the IAPA may reverse or remand for further proceedings only if substantial rights of the appellant have been prejudiced. I.C. § 67–5279(4); *Jefferson County v. Eastern Idaho Regional Medical Center,* 127 Idaho 495, 497, 903 P.2d 84, 86 (1995). There is a strong presumption favoring the validity of the action of a zoning board. *South Fork Coalition v. Board of Commissioners of Bonneville County,* 117 Idaho 857, 860, 792 P.2d 882, 885 (1990). The party attacking a zoning decision bears the burden of proving that the zoning ordinance was applied improperly. *Sprenger,* 127 Idaho at 586, 903 P.2d at 751. The reviewing court must apply a presumption of validity afforded to the zoning board when considering the adoption, interpretation and application of zoning ordinances by the

board. *South Fork Coalition,* 117 Idaho at 860, 792 P.2d at 885. Hence, review of a zoning board decision under I.C. § 67–5279 is a two-tiered process. The party attacking the zoning board's action must illustrate that the zoning board erred in a manner specified in I.C. § 67–5279(3), and that a substantial right of that party has been prejudiced.

## B. The Council's Consideration of Bungard's Appeal

Angstman contends that the Council erred in interpreting the Boise City Code to allow Bungard's appeal and to bar Angstman's challenge to that appeal. However, the City refers to the administrative law canon that great weight should be given to an agency's interpretation of its own rules. *See, South Fork Coalition,* 117 Idaho 857, 792 P.2d 882 (1990); *Cole–Collister Fire Protection District v. City of Boise,* 93 Idaho 558, 468 P.2d 290 (1970). The City contends that the Council's interpretation of the Boise City Code, limiting Angstman's remedy only to an appeal from the Planning Director's decision to allow Bungard's appeal, should be upheld. We agree with this conclusion. Under the applicable standard of review, we will defer to the City Council's interpretation of their own ordinance. *South Fork Coalition, supra.*

Due process safeguards apply to quasi-judicial proceedings, such as those conducted by zoning boards in considering whether to grant a conditional use permit. *Chambers v. Kootenai County Board of Commissioners,* 125 Idaho 115, 118, 867 P.2d 989, 992 (1994). In such situations, due process requires: (a) notice of the proceedings, (b) a transcribable verbatim record of the proceedings, (c) specific, written findings of fact, and (d) an opportunity to be present and rebut evidence. *Id., citing Cooper v. Board of County Commissioners of Ada County,* 101 Idaho 407, 614 P.2d 947 (1980), and *Gay v. County Commissioners of Bonneville County,* 103 Idaho 626, 651 P.2d 560 (Ct.App. 1982). Angstman does not claim that the Council denied him any of these enumerated

due process requirements. Indeed, the record shows that he was given notice of all relevant proceedings; verbatim records were made available to him, as were specific written findings of fact by the P & Z Commission and the Council; and Angstman was given an opportunity to present and rebut evidence at each hearing.

Angstman's contention does not demonstrate that he was denied due process, but rather, that he was subjected to too much process. He points out that the procedures outlined in the Boise City Code, as interpreted by the Council, are cumbersome. Angstman is correct in this regard; however, cumbersome procedures are not tantamount to due process violations. Angstman has failed to establish that his due process rights were violated by the Council's interpretation of the Boise City Code which allowed Bungard's appeal to be heard. In the absence of such a showing we decline Angstman's invitation to further inquire into the Council's decision to hear Bungard's appeal.

## C. Evidence Considered on Appeal

Angstman further claims that the Council acted improperly by holding a "hearing de novo" that included testimony and evidence on issues not properly before the Council on appeal. If Angstman's claim in this regard were found to be meritorious, the proper remedy would be a new hearing before the Council. During the pendency of this appeal, however, the Council afforded Angstman another hearing.[2] Hence, Angstman's claims of procedural irregularities during the January 18, 1994, hearing are now moot.

Angstman claims that the Council did not adequately review the testimony, evidence, findings of fact and conclusions of law of the P & Z Commission in considering the appeal. In regard to Angstman's contentions regarding the Council's inadequate review of the record, we initially note that the subsequent hearing on Angstman's permit makes this issue moot. Nevertheless, the appellate record provided in this case indicates that the

---

**2.** This information was presented by way of a motion by the City to augment the appellate record. That motion was granted by this Court.

Council did conduct an adequate review of the record from the P & Z Commission.

### D. The Council's Modification of the Planning and Zoning Commission's Decision

Angstman further claims that the Council exceeded its authority when it modified the P & Z Commission's decision by reducing the number of units under the conditional use permit from forty to thirty-three. Angstman contends that the Council was limited by the scope of review provisions of the IAPA. In response, the City contends that the Council's actions were appropriate because, the "Council may sustain, deny, amend or modify [an] appeal." Boise City Code § 11–03–07.2. The City further contends that the provisions of the IAPA apply to review by the courts, not by the Council.

Pursuant to the Local Land Use Planning Act, a person aggrieved by a decision of a zoning board may seek judicial review as provided in the Idaho Administrative Procedures Act. I.C. § 67–6521. Judicial review is available only after the remedies under local ordinances have been exhausted. *Id.* On its face, IAPA applies only to judicial review of agency decisions, not to the Council's review of the P & Z Commission's decisions. The review by the Council is apparently a condition precedent to judicial review and the application of I.C. § 67–5279. The Boise City Code provides for modification by the City Council as an acceptable disposition on appeal from a P & Z Commission decision.

This Court will not reverse the findings of the Boise City Council if the findings are clear, dispositive and supported by the record. *South Fork Coalition,* 117 Idaho at 860, 792 P.2d at 885. The decision to limit the project to thirty-three units is supported by substantial, although conflicting, evidence which indicates that the size of the parcel was not adequate to accommodate forty units. The Council properly modified the conditional use permit granted by the P & Z Commission.

### E. Attorney Fees

The City of Boise is the prevailing party in this appeal and therefore is entitled to an award of costs, to be determined under I.A.R. 40. Both parties have requested fees.[3] The City is the prevailing party on appeal and may therefore be entitled to the fees incurred during the appeal pursuant to I.C. § 12–121 and I.A.R. 41. However, this Court is not left with the abiding belief that Angstman brought the appeal frivolously, unreasonably or without foundation. *See Ade v. Batten,* 126 Idaho 114, 119, 878 P.2d 813, 818 (Ct.App.1994); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). We award no attorney fees on appeal.

### III.

### CONCLUSION

Angstman has not shown that substantial rights were violated by the Council's interpretation of the Boise City Code and the resulting hearing on Bungard's appeal. Further, Angstman's contentions regarding the evidence considered by the Council in reviewing the decision of the P & Z Commission are now moot due to a subsequent hearing on the same issue. The Council's decision, which modified the P & Z Commission's decision, was authorized by the Boise City Code and is supported by substantial competent evidence in the record.

Accordingly, the Council's decision is affirmed. Costs, but not fees, are awarded to the respondent, City of Boise.

LANSING, J., and SWANSTROM, J. Pro Tem., concur.

---

**3.** Angstman's request for attorney fees did not comply with Idaho Appellate Rule 41(a). His request was made for the first time in his reply brief. Appellate Rule 41(a) requires that "Any party seeking attorney fees on appeal must assert such a claim as an issue presented on appeal in the first appellate brief filed by such party."