25 P.3d 866

**In the Matter of the Driver's License Suspension of Eric Alexander Bowman.**

**Eric Alexander BOWMAN, Petitioner–Respondent,**

v.

**IDAHO TRANSPORTATION DEPARTMENT, Respondent–Appellant.**

No. 26238.

Court of Appeals of Idaho.

May 9, 2001.

PERRY, Judge.

The Idaho Transportation Department appeals from the district court's order modifying the Department's one-year suspension of Eric Alexander Bowman's driving privileges. We reverse.

## I.

## BACKGROUND

On August 21, 1998, Bowman was arrested for driving under the influence and agreed to submit to a blood test. A sample of his blood was taken and sent to the Idaho Department of Law Enforcement for laboratory testing.

On September 19, 1998, Bowman was again arrested for driving under the influence and agreed to submit to a breath test. The breath test results indicated an alcohol concentration in excess of the legal limit. The Department immediately issued a notice of suspension, notifying Bowman that his driving privileges would be suspended for ninety days. Bowman did not challenge the Department's action.

On November 4, 1998, the Idaho Department of Law Enforcement completed its report detailing the results of the blood test from Bowman's August arrest. The Department received the report approximately one week later. The test results indicated that the alcohol concentration in Bowman's blood was .19, a concentration in excess of the legal limit. The Department issued a notice of suspension, notifying Bowman that his driving privileges would be suspended for one year. In response, Bowman requested a hearing before the Department to challenge the suspension of his driving privileges. Following the hearing, the Department's hearing examiner issued an order sustaining the one-year suspension of Bowman's driving privileges.

Pursuant to the Idaho Administrative Procedure Act (IDAPA),[1] Bowman petitioned for judicial review of the Department's suspension of his driving privileges. The suspension of Bowman's driving privileges was stayed pending the judicial review. Before the district court, Bowman argued that the Department erred in suspending his driving privileges for one year rather than for only ninety days. The district court agreed and modified the Department's suspension of Bowman's driving privileges, reducing the suspension period from one year to ninety days. The Department appeals.

## II.

## ANALYSIS

■■■ In an appeal from the decision of a district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Howard v. Canyon County Bd. of Comm'rs*, 128 Idaho 479, 480, 915 P.2d 709, 710 (1996). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67–5279(1). We instead defer to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998). This Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(3). The party challenging the agency decision must illustrate that the agency erred in a manner specified in I.C. § 67–5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Angstman v. City of Boise*, 128 Idaho 575, 578, 917 P.2d 409, 412 (Ct. App.1996).

■■■ The Department argues on appeal that Bowman's driving privileges were properly suspended for one year pursuant to I.C. § 18–8002A(4)(a) because this was Bowman's second failure of an alcohol concentration test within five years. A suspension of driving privileges pursuant to I.C. § 18–8002A is a civil penalty separate and apart from any other suspension imposed for a violation of other Idaho motor vehicle codes or for a conviction of an offense. I.C. § 18–8002(5). Idaho Code Section 18–8002A(4)(a) provides the Department with the authority to suspend a person's driving privileges:

Upon receipt of the sworn statement of a peace officer that there existed legal cause to believe a person had been driving ... a motor vehicle while under the influence of alcohol ... and that the person submitted to a test and the test results indicated an alcohol concentration ... in violation of [I.C.] section 18–8004....

Idaho Code Section 18–8004 provides that it is unlawful for any person who has an alcohol concentration of .08 or more to drive or be in actual physical control of a motor vehicle within this state. A person's driving privileges shall be suspended for "a period of ninety (90) days for a first failure of evidentiary testing," I.C. § 18–8002A(4)(a)(i), and for "a period of one (1) year for a second and any subsequent failure of evidentiary testing ... within the immediately preceding five (5) years," I.C. § 18–8002A(4)(a)(ii).

■■■ The instant case involves the statutory interpretation of the term "failure of evidentiary testing" as used in I.C. § 18–8002A(4)(a). Bowman contends that the district court correctly determined that the term refers to the date on which his blood was drawn for laboratory testing. The Department contends, however, that the term refers to the date on which the Department either received the test results from the laboratory or issued its notice of suspension. The interpretation of a statute is an issue of law over which we exercise free review. *Corder v. Idaho Farmway, Inc.*, 133 Idaho 353, 358, 986 P.2d 1019, 1024 (Ct.App.1999). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Fami-*

---

1. I.C. §§ 67–5201 to –5292.

*ly v.. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Corder,* 133 Idaho at 358, 986 P.2d at 1024. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *George W. Watkins Family,* 118 Idaho at 540, 797 P.2d at 1388; *Corder,* 133 Idaho at 358, 986 P.2d at 1024.

Idaho Code Section 18–8002A(1)(e) defines the term "evidentiary testing" as "a procedure or test or series of procedures or tests utilized to determine the concentration of alcohol or the presence of drugs or other intoxicating substances in a person." In the case of a blood analysis, a series of procedures are required to determine the concentration of alcohol in a person's blood. Although the blood analysis began with the drawing of a blood sample, it was not complete until the laboratory had determined the concentration of alcohol in Bowman's blood and the results had been delivered to the Department.[2] Because "evidentiary testing" refers to the completed series of procedures required to determine blood-alcohol concentration, until the series of procedures are complete, there can be no "failure" of the evidentiary testing as required in I.C. § 18–8002A(4)(a)(ii).

■ Idaho Code Section 18–8002A(4)(a) grants the Department the authority to suspend a person's driving privileges if "the test results indicated an alcohol concentration . . . in violation of section 18–8004." *See also* I.C. § 18–8002A(2)(d). If the test results indicate an alcohol concentration in violation of I.C. § 18–8004, the Department may suspend the person's driving privileges for ninety days for the first "failure of evidentiary testing" and for one year for a second "failure of evidentiary testing . . . within the immediately preceding five (5) years." I.C. §§ 18–8002A(4)(a)(i), (a)(ii); *see also* I.C. § 18–8002A(2)(d). It is apparent that the legisla-

ture intended the term "failure of evidentiary testing" to be synonymous with the phrase "the test results indicate an alcohol concentration . . . in violation of section 18–8004." As a result, the Department is without authority in those cases where blood tests are administered to suspend a person's driving privileges until after the Department obtains the laboratory test results. *See* I.D.A.P.A. 39.02.72.200.03.[3] We hold that it is the receipt by the Department of test results indicating an alcohol concentration in violation of § 18–8004 which constitutes a "failure of evidentiary testing" for purposes of I.C. § 18–8002A(4)(a).

Therefore, Bowman did not fail the evidentiary testing in August 1998 when his blood was drawn. Bowman's failure of evidentiary testing occurred when the Department received the laboratory test results indicating that his blood-alcohol concentration was in excess of the legal limit. The record reveals that the Department received test results in September 1998 and in November 1998. Both test results indicated that Bowman had been driving on two separate occasions while his blood-alcohol concentration exceeded the legal limit. In regard to the November 1998 test results, the Department properly suspended Bowman's driving privileges for one year pursuant to I.C. § 18–8002A(4)(a)(ii).

■ We note that our interpretation of the term "failure of evidentiary testing" in I.C. § 18–8002A(4)(a)(ii) complies with the legislative purpose underlying the administrative license suspension statute. The purpose of the statute is to provide maximum safety for all persons using the highways of this state by quickly revoking the driving privileges of those persons who drive with a blood alcohol content which exceeds the legal limit provided for in I.C. § 18–8004. *State v. Reichenberg,* 128 Idaho 452, 457, 915 P.2d 14, 19 (1996); *State v. Talavera,* 127 Idaho 700, 705, 905 P.2d 633, 638 (1995). In addition,

**2.** Unlike a breath analysis which can be quickly completed with the use of an Intoxilyzer at a local jail, the evidentiary testing of a blood sample may take a number of weeks to complete. It is apparent that the time delay was contemplated by the legislature when it provided that the testing could be done at a laboratory. *See* I.C. § 18–8002A(1)(e).

**3.** This rule, which was promulgated by the Department, provides: "If an evidentiary test of blood or urine was administered rather than a breath test, the Notice of Suspension shall not be served until the results of the test are obtained." I.D.A.P.A. 39.02.72.200.03.

the statute was intended to deter driving while under the influence. *Talavera,* 127 Idaho at 705, 905 P.2d at 638. On appeal, Bowman suggests that the "failure of evidentiary testing" occurred on the date that his blood was drawn. However, Bowman's suggested interpretation would allow a person to avoid a one-year suspension although alcohol concentration tests indicate that the person was driving under the influence on two separate occasions within a five-year period. Bowman's suggestion would give drunk drivers a "free bite" based upon the type of alcohol test administered by the arresting officer and the length of time required to complete the test procedures. Such a result would contradict the legislative purpose underlying the administrative license suspension statute.

## III.

### CONCLUSION

In regard to the November 1998 test results, the Department properly suspended Bowman's driving privileges for one year pursuant to I.C. § 18–8002A(4)(a)(ii). Therefore, the district court's order modifying the Department's suspension is reversed. Based upon our holding, it is unnecessary to consider whether the district court erred in failing to state its reasoning for modifying the Department's suspension order and whether the district court had the statutory authority to modify the Department's order under IDAPA. This case is remanded to the Department for further proceedings consistent with this opinion.

Judge LANSING concurs.

Chief Judge SCHWARTZMAN, specially concurring.

I concur in the opinion of this Court, but write to highlight a couple of incongruities concerning this case:

1. It was never satisfactorily explained just why it took the Department of Law Enforcement approximately seventy-five days to analyze and report a simple BAC test result to the Department of Transportation. Surely, this is not a "rocket science" analytical procedure that needs two and one-half months to complete. Both Departments should be able to coordinate their logistics and procedures to do *better* than this. Otherwise, the "failure" and "suspension" becomes a moving target, subject to the Departments' "ROUND–TO–IT."

2. At oral argument and in its briefing, the state posed and answered the following hypothetical:

> One factual scenario where the driver who failed an evidentiary test could benefit from the Department's analysis would be the driver who is under the legal drinking age. For example, a driver twenty (20) years of age who takes a blood test three (3) weeks before his twenty-first (21) birthday receives the results three (3) weeks after his birthday. As a twenty (20) year-old the threshold for failure of a test for alcohol concentration is .02 breath alcohol content (Idaho Code Section 18–8004(1)(d)). As a twenty-one (21) year-old the threshold of failure is .08 breath alcohol content (Idaho Code Section 18–8004(1)(g)). The Administrative License Suspension may not be appropriate if his test results indicate a .06 breath alcohol content which is less than the threshold for failure pursuant to Idaho Code Section 18–8004(1)(g) as an adult.

I would simply hold the state to its "bargain" should this anomalous situation ever arise in the future.