**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51465**

| | |
|---|---|
| BRENDA ABBOTT, DANIEL BALE, PAUL CHISMAR, GEORGE and JULIA COCHRAN, ANGELA GALLOWAY, RICKI GILMAN, MERLE HAMMONS, DENNIS and STACIE HARVEY, GERARD and SHARI HASTINGS, KELLY and CALVIN HUIT, STEPHEN and MARY LOU KAPLAN, J.A. LONN and MARY LEITCH, GREGORY and ELIZABETH LIEFER, NEIL and BONNIE MORSE, DANIELLE OROZCO, RICHARD ROBOTKAY, FRANCISCO A. RODRIGUEZ, JAMES and LINDA SLY, ALVIN and FERN SMALLWOOD, DAVID and SANDRA L. SMALLWOOD, and KENT VAUGHTERS,<br><br>      Petitioners-Appellants,<br><br>v.<br><br>CANYON COUNTY, a political subdivision of the State of Idaho, acting through the CANYON COUNTY BOARD OF COUNTY COMMISSIONERS,<br><br>      Respondent-Respondent on Appeal,<br><br>and<br><br>PECKHAM ROAD TRUST,<br><br>      Intervenor-Respondent. | Filed:  December 12, 2024<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Gene A. Petty, District Judge.

Order denying petition for judicial review, <u>affirmed</u>.

Parsons Behle & Latimer; Norman M. Semanko, Boise, for appellants. Norman M. Semanko argued.

Bryan Taylor, Canyon County Prosecuting Attorney; Zachary J. Wesley, Caldwell, for respondent--Canyon County. Zachary J. Wesley argued.

Borton-Lakey Law Offices; Todd Lakey, Meridian, for intervenor-respondent-- Peckham Road Trust. Todd Lakey argued.

TRIBE, Judge

Brenda Abbott; Daniel Bale; Paul Chismar; George and Julia Cochran; Angela Galloway; Ricki Gilman; Merle Hammons; Dennis and Stacie Harvey; Gerard and Shari Hastings; Kelly and Calvin Huit; Stephen and Mary Lou Kaplan; J.A. Lonn and Mary Leitch; Gregory and Elizabeth Liefer; Neil and Bonnie Morse; Danielle Orozco; Richard Robotkay; Francisco A. Rodriguez; James and Linda Sly; Alvin and Fern Smallwood; David and Sandra L. Smallwood; and Kent Vaughters (hereinafter referred to collectively as the Appellants) appeal from the district court's order denying their petition for judicial review of the Canyon County Board of County Commissioners' decision granting a conditional use permit. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Peckham Road Trust (Peckham) owns a confined animal feeding operation (CAFO). Peckham filed an application with the Canyon County Planning and Zoning Commission (Commission) for a modification of a conditional use permit requesting to expand its CAFO from 6,000 head of beef cattle to 12,000 and to expand the current nine parcels of land to thirteen parcels. The Commission denied the request for modification. Peckham then appealed to the Canyon County Board of County Commissioners (Canyon County). Canyon County accepted written comments and heard testimony at a public hearing from residents of the area surrounding the proposed expansion. Canyon County issued a decision (original decision) approving Peckham's application. The Appellants filed a request for reconsideration, which was denied.[1] The

---

[1] Canyon County failed to respond to the request for reconsideration within sixty days, which acted as an effective denial pursuant to Idaho Code § 67-6535(2)(b).

Appellants petitioned for judicial review in the district court,[2] asserting that Canyon County's original decision should be vacated. The district court granted the petition for judicial review. The district court found that Canyon County's original decision failed to conclude whether the expansion was consistent with Canyon County's comprehensive plan (CCCP) as required by Canyon County Zoning Ordinance § 07-07-05(3) and that this error harmed the Appellants' substantial rights. After the district court issued a remittitur, Canyon County held a meeting open to the public but did not allow testimony. At the meeting, Canyon County again approved the conditional use permit and entered amended findings of fact and conclusions of law (amended decision). The amended decision states the following:

> **K**. [Canyon County's] finding above is hereby adopted to replace the finding for Canyon County Ordinance § 07-07-05(3) on Page 2 of its August 2, 2021 written decision.
> **L.** [Canyon County] makes no other amendment to its August 2, 2021 written decision.

The Appellants again sought judicial review in district court. Peckham intervened in the action. The district court denied the Appellants' petition for judicial review. The Appellants appeal.

## II.

## STANDARD OF REVIEW

The Local Land Use Planning Act (LLUPA) and the Idaho Administrative Procedure Act (IDAPA) provide a vehicle for parties affected by a permitting decision to petition for judicial review. *Nw. Neighborhood Ass'n v. City of Boise*, 172 Idaho 607, 613, 535 P.3d 583, 589 (2023). For the purposes of judicial review, a Board of Commissioners is treated the same as a government agency. *Hungate v. Bonner Cnty.*, 166 Idaho 388, 392, 458 P.3d 966, 970 (2020). This Court reviews a district court's decision on a petition for judicial review under IDAPA "as a matter of procedure." *917 Lusk, LLC v. City of Boise*, 158 Idaho 12, 14, 343 P.3d 41, 43 (2015) (quoting *Williams v. Idaho State Bd. of Real Estate Appraisers*, 157 Idaho 496, 502, 337 P.3d 655, 661 (2014)). We defer to the Board's findings of fact unless they are clearly erroneous, but freely review questions of law as part of our independent review of the agency record. *Hungate*, 166

---

[2]     Case No. CV14-21-10123.

3

Idaho at 392, 458 P.3d at 970; *Terrazas v. Blaine Cnty. ex. rel. Bd. of Comm'rs*, 147 Idaho 193, 197, 207 P.3d 169, 173 (2009).

Generally, this Court will affirm a district court's decision upholding a Board's permitting decision unless the appellant establishes that (1) the Board erred under I.C. § 67- 5279(3), and (2) the Board's decision prejudiced the appellant's substantial rights. *S Bar Ranch v. Elmore Cnty.*, 170 Idaho 282, 297, 510 P.3d 635, 650 (2022).

Under IDAPA, a permitting decision shall be affirmed unless we determine the Board's findings, inferences, conclusions, or decisions were: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). However, notwithstanding these five factors, this Court will affirm the Board's decision unless the appellants establish prejudice to their substantial rights under I.C. § 67-5279(4). If prejudice to substantial rights is not shown, this Court may affirm the Board's decision based on lack of prejudice alone and need not analyze the I.C. § 67-5279(3) factors. *Hawkins v. Bonneville Cnty. Bd. of Comm'rs*, 151 Idaho 228, 232, 254 P.3d 1224, 1228 (2011).

## III.
## ANALYSIS

### A. Absent Standard of Review

As a preliminary matter, we will address the Appellants' failure to identify the applicable standard of review or argue under that standard for reversal in their opening brief. This Court has made clear "an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal." *State v. Byrum*, 167 Idaho 735, 739, 476 P.3d 402, 406 (Ct. App. 2020). Failure to "articulate or provide analysis relating to the relevant standard of review" makes the appellant's argument "conclusory which is fatally deficient to the party's case." *Id*. at 739-40, 476 P.3d at 406-07. Failure to include the correct standard of review on appeal may result in a waiver of claims on appeal. *Id*. at 740, 476 P.3d at 407.

The Appellants do not include a standard of review section, nor do they clearly articulate the applicable standard of review within the analysis sections. In the issues presented on appeal

section of their opening brief, the Appellants state that the "district court erred"; however, this is insufficient to qualify as a standard of review. Due to the Appellants' failure to include the standard for reviewing their claims on appeal, the arguments presented are conclusory and need not be decided on their merits. However, a review of the claims on their merits shows the Appellants do not prevail.

**B.    Waived Argument**

At oral argument, counsel for the Appellants stated that it was their "first main issue" that Canyon County considered new information in the form of staff opinions after remand from the district court. Because new information was presented, counsel for Appellants argued that a new public hearing with an opportunity to be heard was required. At oral argument, in response to Canyon County's position that the above-stated argument was "cut from whole cloth," counsel for Appellant explained that the argument appears in his opening brief on page eight.[3] Regarding this argument, Appellants only cite *Chambers v. Kootenai Cnty. Bd. of Comm'rs*, 125 Idaho 115, 118, 867 P.2d 989, 992 (1994). Counsel for Appellants argued that the citation to *Chambers* encompasses the Idaho Supreme Court's reference to a case that stands for the proposition that a new hearing and an opportunity to be heard is required when new information in the form of staff views are presented, and therefore that argument is included in his brief.

However, Appellants failed to present this argument in their briefing and presented this argument for the first time on appeal at oral argument. We will not consider an issue not "supported by argument and authority in the opening brief." *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* Idaho Appellate Rule 35(a)(6) (stating that the "argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon"). "[I]f the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

---

[3]    At oral argument, counsel for Appellants stated that the citation was located on page eight of the opening brief; however, *Chambers* is cited on page seven.

Even if this Court were to find the citation chain sufficient, we cannot use this logic as it relates to the argument presented during oral argument. Counsel for Appellants points this Court to his opening brief where *Chambers* is cited, which includes a pincite to page 118. On page 118 in *Chambers*, the Idaho Supreme Court cites *Cooper v. Bd. of Cnty. Comm'rs of Ada Cnty.*, 101 Idaho 407, 411, 614 P.2d 947, 951 (1980). Essentially, counsel for Appellants argued that the citation to page 118 of *Chambers* sufficiently briefs the argument regarding new information in the form of staff opinions. Even if this Court were to hold the citation chain to be sufficient *authority* to consider it presented in Appellants' opening brief, which we do not, we cannot use this logic to hold that sufficient *argument* was presented in the opening brief as required by *Jorgensen* and I.A.R. 35(a)(6).

At oral argument, counsel for Appellants argued that remand would be appropriate because Canyon County considered new information in the form of "staff views." He argued that pages 5909 through 5919 of the exhibits[4] were ten pages of documents prepared by staff and considered by the commissioners in the decision after remand which the public did not have the opportunity to comment on. Counsel for Appellants stated at oral argument that the issue being presented hinges on *Cooper's* language: "where staff views were expressed." However, Appellants' pincite to page 118 in *Chambers* in their brief was used in support of the statement preceding it that read, "the Idaho Supreme Court has made clear that notice and an opportunity to be heard is still required if a second meeting is conducted." The issue regarding new evidence in the form of "staff views" was not argued in the Appellants' opening brief nor was *Chambers'* connection to *Cooper* sufficient authority to consider the issue to have been properly raised on appeal. Therefore, the issue of new evidence in the form of "staff views" is waived.

C.     **Unlawful Procedure**

The Appellants argue that the district court erred in denying their petition for judicial review because Canyon County did not provide specific notice to satisfy the requirements for the conditional use permit. The Appellants also argue that the district court erred in denying the petition for judicial review because the conditional use permit was granted without providing the Appellants the opportunity to be heard. Finally, the Appellants argue that the district court erred

---

[4]     Counsel for Appellants identified these pages as part of the record, rather than exhibits.

6

by failing to consider whether their fundamental rights were violated. Canyon County argues that the district court's original remand order only required limited action by Canyon County and that notice and a hearing were not required. Also, Canyon County and Peckham both argue that, because the district court found that the Appellants did not meet their burden of demonstrating an error with Canyon County's decision, the district court was not required to consider whether their substantial rights were affected. Peckham argues that Canyon County was not required to provide any additional notice when the decision on the conditional use permit was remanded, and therefore the district court correctly found that the Appellants were not deprived of due process. Peckham further argues that the notice and opportunity to be heard requirements only apply to public hearings, which were closed by the time the Appellants suggest they were entitled to be heard. The Appellants and Canyon County both seek attorney fees on appeal.

As this matter is one stemming from a county, the LLUPA governs. I.C. § 67-6503. Pursuant to I.C. § 67-6535(1), the LLUPA requires:

> The approval or denial of any application required or authorized pursuant to this chapter shall be based upon standards and criteria which shall be set forth in the comprehensive plan, zoning ordinance or other appropriate ordinance or regulation of the city or county. Such approval standards and criteria shall be set forth in express terms in land use ordinances in order that permit applicants, interested residents and decision makers alike may know the express standards that must be met in order to obtain a requested permit or approval.

Further, pursuant to I.C. § 67-6535(2), the LLUPA requires:

> The approval or denial of any application required or authorized pursuant to this chapter shall be in writing and accompanied by a reasoned statement that explains the criteria and standards considered relevant, states the relevant contested facts relied upon, and explains the rationale for the decision based on the applicable provisions of the comprehensive plan, relevant ordinance and statutory provisions, pertinent constitutional principles and factual information contained in the record.

Idaho Code § 67-5279(3) provides that, when an agency's order is not affirmed by the district court, the order shall be "set aside, in whole or in part, and remanded for further proceedings as necessary." However, notwithstanding the violation of any requirements, the order will be affirmed "unless substantial rights of the appellant have been prejudiced." I.C. § 67-5279(4).

When the district court granted judicial review after Canyon County held a hearing with an opportunity to be heard, the district court held that Canyon County erred by failing to comply

7

with the requirements for approving a conditional use permit pursuant to Canyon County Zoning Ordinance § 07-07-05. This code section requires "adequate evidence" to support the conditional use permit application and consider, among other questions, whether "the proposed use [is] consistent with the comprehensive plan." The district court held that Canyon County failed to decide whether the modifications were consistent with the CCCP. The district court noted that, "while it is clear that [Canyon County] found the use consistent with the . . . seven goals and policies in the Comprehensive Plan, [Canyon County] did not state that it had considered the entire Comprehensive Plan or that the use is consistent with the Comprehensive Plan." In rendering its decision, the district court did not find any other error by Canyon County. The parties do not challenge the district court's original decision. However, the Appellants argue that, at the time the district court remanded the matter back to Canyon County, the original decision was "vacated and rendered of no further force or effect." The Appellants also assert that Canyon County should have procedurally acted as if the matter was before it anew. Specifically, the Appellants argue that, after remand, Canyon County was again required to provide special notice and an opportunity to be heard.

Notice is required for all proceedings on conditional use permits. I.C. § 67-6512; Canyon County Zoning Ordinance 07-05-01(1). Idaho Code § 67-6512(b) states that, before granting a special use permit, "at least one (1) public hearing in which interested persons shall have an opportunity to be heard shall be held" and notice shall be posted on the premises not less than one week prior to the hearing. Idaho Code § 67-6512(b) further states:

> [N]otice shall also be provided to property owners or purchasers of record within the land being considered, three hundred (300) feet of the external boundaries of the land being considered, and any additional area that may be substantially impacted by the proposed special use as determined by the commission, provided that in all cases notice shall be provided individually by mail to property owners or purchasers of record within the land being considered.

The Appellants assert that the Idaho Supreme Court held in *Chambers* that notice and an opportunity to be heard is still required for a second meeting. However, *Chambers* does not stand for such a broad proposition. In *Chambers*, the Kootenai County Board of Commissioners denied a request to modify a conditional use permit for a softball complex. Several months after that denial, the Board of Commissioners considered a second request to modify the conditional use

8

permit. The Board of Commissioners held a hearing where evidence was presented. The conditional use permit modification was approved, and a written finding was issued. The Idaho Supreme Court identified additional evidence considered by the Board of Commissioners that was not considered or admitted during the hearing. The Idaho Supreme Court noted a list of several new additions to the record from the second hearing that were not considered in the original hearing. The Idaho Supreme Court held that the "deviations by the commissioners from the record as established by the hearing examiner" had the essence of "the commissioners conduct[ing] a second fact gathering session without proper notice." *Chambers*, 125 Idaho at 118, 867 P.2d at 992. *Chambers* stands for the proposition that "the commissioners, in reaching their decision, must confine themselves to the record as established at the public hearing." *Id*.

The Appellants do not present in a preserved argument, as discussed above in paragraph B, nor does the record suggest that Canyon County considered additional evidence or testimony during the public meeting before approving the conditional use permit after remand. Rather, the minutes from that meeting reflect that the only evidence considered was from "the record which contains the original staff report, the original FCO's, and all of the exhibits submitted" during the "original proceedings, as well as the transcripts from [Canyon County's] deliberation in those hearings." Therefore, the Appellants' comparison to *Chambers* is misguided.

The Appellants contend that, when the approval involved a procedural deficiency, such a deficiency may only be cured if the "Board follows the correct procedures on remand." Appellants cite *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 430, 958 P.2d 583, 587 (1998) in support of this proposition. In *Price*, the Idaho Supreme Court considered whether a second hearing sufficiently ameliorated a procedural defect arising from the Payette County Board of County Commissioners simultaneously approving a rezoning application and an amendment to the comprehensive plan to allow the rezoning to conform to the comprehensive plan. The decision by the Payette County Board was appealed to the district court, which was remanded with instructions to hold a second hearing for amendment of the comprehensive plan. The Payette County Board held a second hearing for the sole purpose of amending the comprehensive plan. The Idaho Supreme Court held that the second hearing did not cure the defect caused by the original hearing by failing to meet the "appropriate sequence" set out in the LLUPA. *Id*. Idaho Code § 67-6511(c) requires a nonconforming rezone request to be held while the comprehensive plan is considered

9

and amended. Only after the plan is amended may a previously nonconforming rezone request be granted. While the procedure is set up to ensure that the overall development scheme of the community is met before granting an individual request, the record suggested that the Payette County Board proceeded in the inverse sequence, permitting the rezone then amending the comprehensive plan to conform. Further, the Idaho Supreme Court held that the second hearing was required because the procedural deficiency made it so that the adopted rezoning permit, which was granted at the first hearing, did not comport with the comprehensive plan until the plan was amended at the second hearing. *Price*, 131 Idaho at 430-31, 958 P.2d at 587-88.

*Price* does not support the Appellants' position that any procedural default can only be cured by a second or subsequent hearing. The facts in the present case are different from those in *Price*. First, the Appellants fail to point to anywhere in the record that shows a discussion of amending the CCCP to allow the CAFO expansion to conform. In fact, the original decision by Canyon County laid out the expansion's conformity. Second, in the present case, Canyon County did not procedurally err, creating the requirement for a second public hearing. Here, the public meeting was only for the purpose of making a finding, based upon information already before Canyon County, that the expansion was consistent with the existing CCCP. Unlike in *Price*, the LLUPA does not provide specific procedural requirements for this matter.

Both *Chambers* and *Price* required the respective panels to make substantive changes to their original orders. Conversely, the only requirement on remand in this case was for the written order to explicitly acknowledge that the expansion was consistent with the CCCP. This did not require any further hearing because all that was deficient, according to the district court, was a finding that the modification of the conditional use permit was consistent with the CCCP. Requiring a new hearing for a matter that is otherwise settled would be as if to say that a single board member's failure to sign the decision would also require an entirely new hearing for the presentation of evidence and testimony and the adoption of facts and conclusions. The LLUPA does not so require.

Because the Appellants failed to show an error by Canyon County, the district court did not err in declining to address the Appellants' substantial rights.

**D.      Attorney Fees and Costs**

The Appellants request attorney fees on appeal but, because they are not the prevailing party, they are not entitled to attorney fees on appeal.  Peckham does not request attorney fees.  Further, Peckham is not entitled to attorney fees on appeal pursuant to the Idaho Supreme Court's interpretation of I.C. § 12-117, which allows costs but not attorney fees to a prevailing intervenor on appeal.  *Neighbors For Responsible Growth v. Kootenai Cnty.*, 147 Idaho 173, 177, 207 P.3d 149, 153 (2009).

Canyon County requests attorney fees on appeal pursuant to I.A.R. 41 and I.C. § 12-117.  In a case where a person and a state government agency are adversaries, including on appeal, the prevailing party shall be awarded reasonable fees if the "nonprevailing party acted without a reasonable basis in fact or law."  I.C. § 12-117(1).  Canyon County only makes a conclusory statement that the Appellants' arguments "have no reasonable basis in law or fact" without providing argument.  A party waives an issue on appeal if either argument or authority is lacking.  *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).  Further, we decline to classify the Appellants' arguments as lacking a reasonable basis when the issue raises an important legal question that merited further review.  Therefore, we decline to award attorney fees to Canyon County.

## IV.

## CONCLUSION

The Appellants failed to state a standard of review in their brief thereby waiving their claims presented on appeal.  However, a review of the Appellants' claims on the merits reveals a failure to show that Canyon County violated the LLUPA.  Further, the Appellants failed to show that the district court erred in declining to discuss the Appellants' substantial rights.  No party is awarded attorney fees.  The district court's order denying the Appellants' petition for judicial review is affirmed.  Costs are awarded to Canyon County and Peckham pursuant to I.A.R. 40.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.