**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 46863**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )    **Opinion Filed:  October 15, 2020** |
|      **Plaintiff-Respondent,** | ) |
| | )    **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| AUDREY MARIE BYRUM, | ) |
| | ) |
|      **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Russell Comstock, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, affirming denial of motion to suppress and motion to reconsider, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Craig M. Cannon, Ada County Deputy Public Defender, Boise, for appellant.  Craig M. Cannon argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.  Mark W. Olson argued.

---

HUSKEY, Chief Judge

Audrey Marie Byrum appeals from the district court's decision on intermediate appeal affirming the magistrate court's denial of Byrum's motion to suppress and motion to reconsider. Byrum argues the magistrate court erred in denying her motion to suppress and abused its discretion by denying her motion to reconsider.  The district court's decision affirming the magistrate court's denial of Byrum's motion to suppress and motion to reconsider is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Police dispatch received an anonymous tip from a driver who had witnessed a vehicle failing to maintain its lane while traveling westbound on Interstate 84.  Dispatch conveyed this information to Idaho State Police Trooper Pesina and indicated the vehicle was "a possible

DUI." Dispatch described the make, model, and license plate number of the vehicle, as well as the current mile marker location of the vehicle to Pesina. Dispatch also reported the vehicle "cannot stay in lane." Pesina located and began to follow a vehicle matching the description given to dispatch. Pesina confirmed that the license plate of the vehicle he was following matched the license plate information provided by the anonymous tip and dispatch. Pesina asked dispatch to reiterate the basis of the tip's complaint, which dispatch did. Pesina followed the vehicle for approximately two miles and witnessed the vehicle weave within its lane on two occasions. More specifically, Pesina testified the vehicle had difficulty staying within its lane and the driver was taking corrective action by making "sharp turns" to stay in its lane. Pesina executed a traffic stop, and identified Byrum as the driver. Pesina smelled the odor of alcohol coming from the vehicle and after Byrum failed field sobriety tests, Pesina arrested Byrum for driving under the influence. Byrum provided breath samples which measured her blood alcohol concentration at .107/.096.[1]

The State charged Byrum with driving under the influence for the second time in ten years. Byrum filed a motion to suppress, arguing the evidence obtained as a result of the traffic stop was in violation of her right to be free from unreasonable searches and seizures because Pesina did not have reasonable suspicion to execute the traffic stop. Following a suppression hearing, the magistrate court denied the motion. Subsequently, Byrum filed a motion to reconsider the denial of the motion to suppress, which the magistrate court denied.

Byrum entered a conditional guilty plea to driving under the influence for the second time within ten years and reserved the right to appeal the magistrate court's denial of her motion to suppress. The magistrate court sentenced Byrum to 365 days of jail, with 350 days suspended, and suspended her driving privileges for 365 days. Byrum appealed the denial of her motion to suppress and her motion to reconsider to the district court. The district court found that the magistrate court did not err when it denied Byrum's motion to suppress and did not abuse its discretion when it denied Byrum's motion to reconsider. Accordingly, the district court affirmed the decisions of the magistrate court. Byrum timely appeals.

---

[1]     Byrum's citation for the offense indicated that her blood alcohol concentration was .104, however Pesina's affidavit indicated that it was .107.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

On appeal, Byrum alleges the magistrate court erred in denying her motion to suppress because Pesina did not have reasonable suspicion to execute the traffic stop. Additionally, Byrum asserts the magistrate court abused its discretion in denying her motion to reconsider because the audio recording of the conversation between Pesina and dispatch demonstrates that Pesina did not have sufficient information to corroborate the information provided by the anonymous tip. In response, the State makes two arguments. The first argument is raised in a footnote, wherein the State asserts that because Byrum did not allege error with the district court's decision, she waived consideration of her issues on appeal. Alternatively, the State contends the district court did not err in affirming the magistrate court's denial of Byrum's motion to suppress and motion to reconsider.

As an initial matter, we address Byrum's failure to comply with the appellate rules. The required contents of a proper appellate brief are well-established. Idaho Appellate Rule 35 sets out the required content, including specifications for the issue and argument sections of an appellant's brief. In accordance with the rule, an appellant is required to provide a list of issues presented on appeal. I.A.R. 35(a)(4). The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will generally eliminate consideration of the issue from appeal. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998). Pursuant to I.A.R. 35(a)(6), the appellant's argument portion of the brief "shall contain the contentions of the

appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."

Further, an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). If an appellant fails to articulate or provide analysis relating to the relevant standard of review, the appellant's argument is conclusory which is fatally deficient to the party's case. *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017) (appellant's failure to address abuse of discretion standard of review was conclusory and fatally deficient); *see Cummings*, 160 Idaho at 853, 380 P.3d at 174 (holding defendant's conclusory argument was fatally deficient because defendant did "not identify the applicable standard of review, much less attempt to apply it"); *but see also State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019) (holding that although Jeske did not recite proper standard of review, he sufficiently addressed standard of review in his analysis).

Finally, I.A.R. 35(a)(4) requires an appellant to raise issues in the initial appellate brief; generally issues raised for the first time in a reply brief are not considered. *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Because appellate courts will not search the appellate record for error, where an appellant fails to assert her assignments of error with particularity and to support her position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018). "Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R. it is deemed to be waived." *Id*.

When construing the appellate rules and relevant case law together, on review of a district court's decision as an intermediate appellate court, the appellant's opening brief must generally provide an issue statement, standard of review, and argument and authority related to both the district court's, and the magistrate court's, decision. *See* I.A.R. 35(a)(4), 35(a)(6); *Korn*, 148 Idaho at 415, 224 P.3d at 482; *Trusdall*, 155 Idaho at 968, 318 P.3d at 958. Failure to identify the issue as error by the district court, rather than the magistrate court, include or apply the correct standard of review, or provide argument and authority relevant to the correct standard of review and claim on review may result in a waiver of the claims on appeal.

Here, the district court, sitting in its appellate capacity, found the magistrate court did not err in denying Byrum's motion to suppress because Pesina had reasonable suspicion to conduct the traffic stop. The district court also found the magistrate court did not abuse its discretion in denying Byrum's motion to reconsider because the transcript of the dispatch audio recording, which formed the basis for the motion, did not provide new information; it only confirmed the veracity of Pesina's testimony at the suppression hearing.

On appeal to this Court, Byrum does not allege the district court erred in either determination. Byrum's opening brief is devoid of any reference to the district court's decision. Byrum does not reference the decision in her opening brief, in her statement of issues, in the standard of review, or in the analysis section. Further, Byrum does not provide any argument, citation to the record, or authority related to the district court's decision. We caution that a failure to comply with the appellate rules tantamount to Byrum's failure in this case will ordinarily result in an unintentional waiver of claims on appeal. Nevertheless, in this case, the district court decided the issues on virtually identical grounds as the magistrate court. As a result, we are able in this instance to discern Byrum's challenge to the district court's decision despite Byrum's failure to comply with the appellate rules. Accordingly, we address the merits of her appeal, and for the reasons set forth below, we affirm the district court's decision on intermediate appeal.

Byrum makes several claims related to the magistrate court's finding that Pesina had a reasonable and articulable basis to initiate a traffic stop. She alleges the magistrate court erred because the magistrate court: (1) inappropriately used the anonymous tip as a piece of corroborating information that gave rise to Pesina having reasonable suspicion to conduct the traffic stop; (2) incorrectly found that Pesina substantially corroborated significant details of the anonymous tip; (3) erroneously found that precedent does not require an officer to corroborate the illegal activities or the conduct that gave rise to the tip; and (4) wrongly found that Pesina's observations corroborated the anonymous tip's assertion that Byrum's vehicle could not maintain her lane of travel. Related to the motion to reconsider, Byrum asserts that while the magistrate court properly exercised its discretion in considering the dispatch audios submitted with Byrum's motion to reconsider, "it erroneously applied the facts contained therein to the relevant constitutional precedent. The magistrate court thus failed to reach its decision consistent with

governing legal principles and abused its discretion in denying Ms. Byrum's motion to reconsider." The district court affirmed all of the above findings on intermediate appeal.

**A.      The District Court Correctly Affirmed the Magistrate Court's Decision Finding Probable Cause for the Stop**

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

In this case, the magistrate court held that the anonymous tip provided the description and license plate of Byrum's vehicle, the direction and location of travel, and that Byrum was unable to maintain her lane of travel. The anonymous tipster continued to provide updates of the direction and location of Byrum's travel. Pesina located the vehicle and confirmed the vehicle description, license plate number, and direction and location of the vehicle's travel. Pesina described the driving pattern as "weaving," "having a hard time maintaining their lane," and "[m]aking sharp turns to stay within its lane." The magistrate court also found that the driving pattern observed by Pesina corroborated the earlier description of Byrum's driving pattern. Ultimately, the magistrate court held that Pesina's corroboration of significant details of the anonymous tip provided reasonable suspicion for the stop and, thus, denied the motion to suppress.

The district court reviewed the reasoning and conclusions of the magistrate court and affirmed the magistrate court's decision. The district court acknowledged that standing alone, an anonymous tip may be insufficient to support reasonable suspicion. But, the district court found the anonymous tip, in addition to Pesina's corroboration of that tip and Pesina's personal observation of Byrum's driving pattern, including "sharply turning" at least twice to stay within her lane of travel, provided Pesina with reasonable suspicion to stop Byrum's vehicle. The district court is correct.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v.*

*Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The totality of the circumstances must yield a particularized and objective basis for suspecting a violation of the law at or before the time of the stop. *State v. Neal*, 159 Idaho 439, 443, 362 P.3d 514, 518 (2015). When an officer bases a traffic stop on a driving pattern, the "test is whether the driving pattern falls outside 'the broad range of what can be described as normal driving behavior.'" *Id.* (quoting *State v. Emory,* 119 Idaho 661, 664, 809 P.2d 522, 525 (Ct. App. 1991)).

Whether information from a tip is sufficient to create reasonable suspicion depends upon the content and reliability of the information presented by the source, including whether the informant reveals his identity and the basis of his knowledge. *State v. Larson*, 135 Idaho 99, 101, 15 P.3d 334, 336 (Ct. App. 2000). An anonymous tip, standing alone, is generally not sufficient to justify a stop because an anonymous tip seldom demonstrates the informant's basis of knowledge or veracity. *Id.* However, when the information from an anonymous tip bears sufficient indicia of reliability or is corroborated by independent police observations, it may provide justification for a stop. *Id.*

In *Larson*, a woman called into dispatch to report that an unknown, intoxicated, Hispanic male with a moustache and wearing a brown jacket was knocking on her door. *Id.* at 100, 15 P.3d at 335. Dispatch informed an officer, who was only one to two minutes away. *Id.* As the officer arrived at the apartment complex and walked across the street from where he was parked to the apartment building, dispatch informed the officer the man had left, driving a red GMC pickup with a shell. *Id.* At the same time he was receiving the report, the officer saw a GMC

7

pickup with a shell leave the parking lot of the apartment complex. The officer saw that the driver matched the description provided by dispatch. *Id*. The officer motioned for the driver to pull over, which he did and the officer approached. *Id*. Upon approaching the driver, later identified as Larson, the officer noticed the smell of alcohol. *Id*. Ultimately, Larson was arrested for driving under the influence. *Id*.

Larson moved to suppress the results of the field sobriety tests on the grounds that the officer did not have a reasonable, articulable suspicion that Larson was engaged in criminal activity because the officer had no way of knowing whether the information from dispatch was reliable. *Id*. at 101, 15 P.3d at 336. This Court held that the individual who called was not anonymous as she had provided her address and asked the police to come to her aid. *Id*. at 102, 15 P.3d 337. Additionally, the Court found that the information presented by the caller to dispatch:

> carried a particular indication of reliability in that it was based upon her own first-hand observations of the reported events as they were occurring. Further, her report was partially corroborated by [the officer's] observation of a driver and vehicle, which met the description given by the caller, leaving the caller's apartment complex.

*Id*. Because the officer's information was based on a reliable source and partially verified by the officer's own observations, there was reasonable suspicion for the stop. *Id*.

A similar issue was addressed by the Idaho Supreme Court in *State v. Bishop*, 146 Idaho 804, 203 P.3d 1203 (2009). There, an officer received third-hand information that Bishop was offering to sell methamphetamine to people. *Id*. at 808-09, 203 P.3d at 1207-08. The officer ultimately stopped, arrested, and searched Bishop, finding methamphetamine. *Id*. at 809, 203 P.3d at 1208. Bishop moved to suppress the evidence, arguing the officer did not have reasonable suspicion to stop him based on the third-hand information which was equivalent to an anonymous tip. *Id*. at 810, 203 P.3d at 1209.

The Court noted that "an informant's 'veracity,' 'reliability,' and 'basis of knowledge' are highly relevant factors in determining whether reasonable suspicion exists." *Id*. at 811, 203 P.3d at 1210 (quoting *Alabama v. White*, 496 U.S. 325, 328-29 (1990)). The Court also reasoned:

> Factors indicative of reliability include whether the informant reveals his or her identity and the basis of his or her knowledge, whether the location of the informant is known, whether the information was based on first-hand observations of events as they were occurring, whether the information the

8

informant provided was subject to immediate confirmation or corroboration by police, whether the informant has previously provided reliable information, whether the informant provides predictive information, and whether the informant could be held criminally liable if the report were discovered to be false.

*Id*. at 812, 203 P.3d at 1211. While the factual scenarios in both *Larson* and *Bishop* involved tipsters who were ultimately identifiable, in both cases, the officers did not know the identity of the tipster at the time they stopped Larson and Bishop, respectively.

In this case, both the district court and the magistrate court found that the reliability of the tipster carried sufficient indicia of reliability because the tipster revealed the basis of his or her knowledge (personal observation of Byrum's driving); the location of the informant was known (the informant described where he or she was on the interstate and that he or she was following Byrum); the information provided was based on first-hand observations of the tipster as the events were occurring; and the information was subject to immediate corroboration by Pesina because within one to two minutes, he located the vehicle matching the description and license plate, traveling in the direction and location of travel described. In addition, Pesina was able to observe the same driving pattern--the inability to maintain a lane of travel--as described by the tipster. Consequently, the information provided by the tipster, which was corroborated by Pesina, in addition to Pesina's observations, provided reasonable suspicion to stop Byrum. Accordingly, we affirm the district court's decision affirming the magistrate court's denial of Byrum's motion to suppress**.**

**B.      The District Court Correctly Affirmed the Magistrate Court's Denial of the Motion to Reconsider**

Byrum also argues the magistrate court incorrectly denied her motion to reconsider the denial of her motion to suppress after reviewing the dispatch audio recordings. The audio recording of the conversation between dispatch and Pesina was played during the motion to suppress hearing, but neither the audio recording nor a transcript was admitted into evidence. However, a transcript of the conversation was submitted with the motion to reconsider. The State argues the magistrate court did not err in denying the motion and the district court did not err in affirming that denial.

The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Campbell v. Reagan*, 144 Idaho 254, 258, 159 P.3d 891, 895 (2007); *Carnell v. Barker Mgmt., Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered

9

inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

On appeal, Byrum appears to argue that because Pesina only had limited information at the time of the stop, Pesina's observations of Byrum's "infraction-free and normal driving behavior" failed to corroborate the information provided by the tipster that Byrum was "all over" the road. Thus, the magistrate court did not correctly apply the law in denying the motion to reconsider.

The magistrate court denied the motion to reconsider, concluding the information contained in the dispatch transcript only confirmed Pesina's testimony at the suppression hearing and did not alter the legal conclusion it had previously reached. The district court affirmed that denial, reasoning that:

> The audio recording confirms the officer's testimony that he was aware of the dispatch report of a possible DUI suspect, based on the anonymous tipster's report of the make, model, and year of the vehicle, along with its license plate number and a description that the vehicle was observed "unable to maintain lane, has been all over," prior to the traffic stop.

The only issue on appeal is whether the magistrate court and the district court correctly applied the relevant law regarding whether there was reasonable suspicion to stop Byrum; we have already determined there was. At the motion to suppress hearing, the magistrate court was presented with the audio recording of the conversation between dispatch and Pesina. Therein, dispatch advised Pesina that Byrum was a "possible DUI," could not stay in her lane, was unable to maintain her lane, and "has been all over." That identical evidence was presented in a transcript with the motion to reconsider. Thus, there was no new or additional evidence presented in support of the motion to reconsider, only an argument that the magistrate court erred in finding Pesina sufficiently corroborated the information provided in the anonymous tip to have reasonable suspicion to stop Byrum.

In her reply brief, Byrum takes issue with the district court's statement in footnote 2 of its opinion on appeal, asserting the district court erred in relying on jurisprudence from other jurisdictions. In the footnote, the district found that it did not agree that "'sharply turning' to maintain a lane of travel constitutes [a] 'slight' or 'small' driving correction or 'normal driving behavior'" and relied on opinions from other jurisdictions to support its opinion. However,

generally issues raised for the first time in a reply brief are not considered. *Raudebaugh*, 124 Idaho at 763, 864 P.2d at 601. Moreover, the district court's reference to the other jurisprudence did not provide the basis for its ultimate conclusion: that it was the tip, the corroboration of the tip, *and* Pesina's observations of Byrum's driving pattern which corroborated the tipster's observations that provided the reasonable suspicion for the stop of Byrum's vehicle. As we have previously held, the tip was sufficiently corroborated; the magistrate court did not err in denying the motion to reconsider; and the district court correctly affirmed the magistrate court.

## IV.

## CONCLUSION

Because there was reasonable suspicion to stop Byrum, we affirm the district court's order affirming the magistrate court's orders denying Byrum's motion to suppress and her motion to reconsider.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.