**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49740**

| | |
|---|---|
| RANDALL WILLIAM OHRT, | ) |
| | ) **Filed: February 1, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Barbara Duggan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

William Ohrt, Boise, pro se appellant.

Hon. Raúl Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Randall William Ohrt appeals from the judgment summarily dismissing his petition for post-conviction relief. Ohrt argues the district court erred by dismissing his petition for post-conviction relief because a previous judge already granted him a new trial as a result of his petition. Ohrt's claims are facially deficient and rely on a factual misunderstanding of the procedural posture of the case. Accordingly, the district court did not err and the judgment summarily dismissing Ohrt's petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Ohrt pled guilty to domestic battery with traumatic injury and aggravated assault in the underlying criminal case. Subsequently, he filed a petition for post-conviction relief alleging prosecutorial misconduct, ineffective assistance of counsel, and violations of his Fifth, Sixth, and Fourteenth Amendment rights. The State filed an answer, and the district court held a scheduling

1

conference. The district court told the parties its practice was to hold a scheduling conference in post-conviction cases after an answer is filed. At the status conference, the district court inquired about various aspects of the proceedings, including whether the parties were planning on filing any pretrial motions and how many days the court should schedule for the trial if the case were to proceed to a trial. The district court explained post-conviction trials:

> These are court trials. They're not tried to a jury, and so we will go ahead and get this in line to get scheduled for a court trial. It won't be for a while, Mr. Ohrt, simply because of the court congestion that we have as a result of the pandemic. And we'll schedule trial and a pretrial conference and a status hearing.

The State indicated it planned to file a motion for summary judgment, and the district court informed the parties that, as it scheduled further proceedings, it would "give both sides plenty of time to evaluate their situation, see if any pretrial motions need to be filed."

Ohrt filed various motions, including a motion requesting "the trial be moved out (180) days" and a motion for an evidentiary hearing. The district court addressed these motions at the next hearing. The court began by stating that it had made a mistake in its notice announcing the hearing; the hearing was intended to be a motion hearing and scheduling conference, not a trial; and therefore, Ohrt's request to delay the trial by 180 days was moot. The district court also found Ohrt's motion for an evidentiary hearing was premature. "We have to get our way up to that trial. It's not going to be an evidentiary hearing. It's going to be a trial when we get to that part." The district court then advised the parties that while it would schedule future hearings to move the case along, a different judge was going to be assigned to the case and the new judge might change the dates:

> I am going to advise both you, Mr. Ohrt, and the prosecutor's office that I'm going the get this set out there. But there's going to be a new district judge that's going to take over this case, and that judge may have a different way of scheduling things so I'm just putting you on notice that that trial date--that hearing date may get moved around, depending on what the new judge decides to do with it. But I don't want this case to just lay in the weeds. I want to get some deadlines so that we can get it resolved one way or another.

Subsequently, the newly assigned judge filed a notice of intent to dismiss Ohrt's petition for post-conviction relief. The new judge addressed each of Ohrt's post-conviction claims and concluded that Ohrt failed to raise an issue of material fact on any claim that would justify an evidentiary hearing or further proceedings in the case. Ohrt filed a response, stating he believed that he was entitled to a trial "as previously set" by the original judge, accusing the new judge of

2

bias, and requesting the new judge's recusal from the proceedings. The newly assigned judge found that its notification of intent to dismiss did not "show bias, hostility, antagonism, prejudice, or antagonism [sic] toward petitioner or his case. Instead, it merely recognizes that petitioner has failed to show a genuine issue of material fact. This continues to be the case on reply." Accordingly, the district court entered a judgment summarily dismissing Ohrt's petition for post-conviction relief. Ohrt timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101 104, 190 P.3d 920, 923 (2008). Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

3

## III.

## ANALYSIS

Ohrt asserts the transcripts of the scheduling conference and motion hearing demonstrate that the original judge granted him a new trial as a result of his petition for post-conviction relief and, therefore, the newly assigned judge erred by summarily dismissing his petition. Ohrt additionally argues by summarily dismissing his petition after the original judge granted him a new trial, the court violated his due process rights by, in effect, convicting him twice of the same offense. In response, the State argues Ohrt failed to support his allegations with legal authority and to show the district court erred.

We first note Ohrt's claims on appeal center around a factual misunderstanding of the proceedings below. The original post-conviction court never made any determination regarding the merits of Ohrt's petition for post-conviction relief and, as such, never determined a trial was necessary in Ohrt's post-conviction case or granted the petition for post-conviction relief and ordered a new trial in the criminal case. Instead, the original post-conviction court engaged in routine scheduling of future hearings, including a potential post-conviction trial. This routine scheduling ensured timely progression of the post-conviction proceedings and reserved dates and times should subsequent hearings be necessary, but was not a finding that Ohrt was entitled to a trial on his post-conviction claims or that he prevailed on his petition for post-conviction relief and was granted a new trial in his criminal case.

Regardless of this factual misunderstanding, Ohrt's claims are fatally deficient because he fails to provide any argument or authority regarding any alleged error by the district court in summarily dismissing his petition for post-conviction relief. Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* It is well established that an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). If an appellant fails to articulate or provide analysis relating to the relevant standard of review, the appellant's argument is conclusory which is fatally deficient to the party's case. *State v. Byrum*, 167 Idaho 735, 739-40, 476 P.3d 402, 406-07 (Ct. App. 2020). Additionally, a party waives an

4

issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

In this case, the district court addressed Ohrt's post-conviction claims in its notice of intent to dismiss the petition. The district court grouped Ohrt's claims into two categories: a claim of prosecutorial misconduct and various claims of ineffective assistance of counsel. The district court found the claim of prosecutorial misconduct was subject to dismissal because Ohrt had not shown why the claim could not reasonably have been known such that it could be raised on direct appeal and, thus, the claim was waived. As to the ineffective assistance of counsel claims, the district court found that any substantive claim[1] that trial counsel failed to advance could have been raised in direct appeal and was waived. Alternatively, the district court concluded that none of Ohrt's claims were supported by admissible evidence, were conclusory, or were disproven by the record.

Ohrt does not challenge any of these findings on appeal. Instead, Ohrt's appeal only alleges a claim that because he believed a previous judge granted him a new trial in his criminal case, the summary dismissal of his petition was in error. As explained above, Ohrt's belief was misplaced. Consequently, Ohrt has failed to identify any error by the district court as to the merits of the claims raised in his petition for post-conviction relief, does not cite to any legal authority for his claims that the court erred in summarily dismissing his petition, or reference or attempt to apply a standard of review to his appeal. Accordingly, Ohrt's claims on appeal are fatally deficient and he did not establish the district court erred by summarily dismissing his petition for post-conviction relief.

## IV.

## CONCLUSION

The district court did not err and the judgment summarily dismissing Ohrt's petition for post-conviction relief is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[1] Although Ohrt alleged violations of his Fifth, Sixth, and Fourteenth Amendment rights in his petition, he does not argue these were substantive claims independent of his ineffective assistance of counsel claims or that the district court erred in treating the substantive claims as claims of ineffective assistance of counsel rather than stand-alone constitutional claims.

5