# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51232

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2018-HB1,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>ALEXANDER B. MISCHENKO,<br><br>Defendant-Appellant,<br><br>and<br><br>RAJAIE J. GHISHAN, UNKNOWN PARTIES IN POSSESSION, CURRENT OCCUPANTS, and DOES 1-10,<br><br>Defendants. | Filed: February 5, 2025<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz and Hon. Barbara Buchanan, District Judges.

The judgment of the district court, <u>affirmed</u>.

Alexander B. Mischenko, Priest River, pro se appellant.

Halliday, Watkins & Mann, P.C.; G. Troy Parkinson, Sandy, Utah, for respondent.

---

TRIBE, Judge

Alexander B. Mischenko appeals from the judgment of the district court. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wilmington Savings Fund Society sued Mischenko and Rajaie Ghishan requesting declaratory relief and seeking to quiet title with respect to certain real property. The complaint

1

alleged that Wilmington received title to the property in a judicial foreclosure sale subsequent to the property owner's death. During the period of redemption, following the judicial foreclosure, none of the alleged heirs of the deceased owner made any claim of redemption of the property. After the period of redemption expired, Mischenko filed a declaration of homestead exemption, a quitclaim deed, a real estate purchase contract, and an affidavit to redeem real estate property. In these documents, Ghishan claimed to be the only living heir of the deceased property owner and purported to convey Ghishan's interest in the property to Mischenko.

Wilmington filed a motion for summary judgment, which was granted. A subsequent district judge issued the judgment which memorialized the order granting summary judgment. The judgment ordered that the declaration of the homestead exemption, the quitclaim deed, the real estate purchase contract, and the affidavit to redeem real estate property no longer had any legal force and effect and were to be eliminated from the public record. Further, the judgment stated that Mischenko and Ghishan had no interest in the property and Wilmington was entitled to quiet and peaceful possession of the property. Mischenko appeals.

**II.**

**ANALYSIS**

"Pro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules." *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Idaho Appellate Rule 35(a) states that an appealing party's brief "shall contain the following divisions under appropriate headings" then lists several divisions. Idaho Appellate Rule 35(a)(4) requires the appellant to include a section titled, "[i]ssues presented on appeal," which shall contain a "list of the issues presented on appeal, expressed in the terms and circumstances of the case but without unnecessary detail." The "[f]ailure of the appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of that issue on appeal." *Beebe v. N. Idaho Day Surgery, LLC*, 171 Idaho 779, 789, 526 P.3d 650, 660 (2023); *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991).

Further, this Court has made clear that an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *State v. Byrum*, 167 Idaho 735, 739, 476

P.3d 402, 406 (Ct. App. 2020). Failure to articulate or provide analysis relating to the relevant standard of review makes the appellant's argument conclusory which is fatally deficient to the party's case. *Id*. at 739-40, 476 P.3d at 406-07. Failure to include the correct standard of review on appeal may result in a waiver of claims on appeal. *Id*. at 740, 476 P.3d at 407. Mischenko does not include a standard of review section, nor does he clearly articulate the applicable standard of review within any part of his brief.

Throughout both his opening and reply briefs, Mischenko fails to cite legal authority for his appeal. In his opening brief, Mischenko includes a table of authorities that lists non-Idaho cases; a document labeled, "McDONNELL Property Analytics/City of Seattle"; and a reference to the Idaho Judicial Cannons. In his reply brief, Mischenko lists four Idaho Code sections in the table of authorities--the first refers to fraudulent conveyances of land, the second refers to the criminal code for theft, the third refers to the powers of personal representatives, and the fourth refers to transactions authorized for personal representatives. However, there is no meaningful discussion of the authorities in either of Mischenko's briefs. The list of cases in his opening brief are merely referred to as "Addendum" exhibits. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Due to Mischenko's failure to include the standard for reviewing his claims on appeal, any issues presented on appeal, or authority makes the arguments presented conclusory such that we need not decide their merits.

Wilmington did not request attorney fees on appeal. In general, I.A.R. 41 limits a party's request for attorney fees to the first appellate brief. Because Wilmington did not raise the issue of attorney fees on appeal in its brief, we will not address fees. *See Oksman v. City of Idaho Falls*, 173 Idaho 765, 781, 549 P.3d 1086, 1102 (2024). Costs are awarded to Wilmington pursuant to I.A.R. 40.

### III.

### CONCLUSION

Mischenko has failed to follow the Idaho Appellate Rules by not including a standard of review, issues presented on appeal, or authority. Therefore, Mischenko has waived consideration of the merits of any of his claims. The district court did not err by granting Wilmington's motion

for summary judgment.  Accordingly, we affirm the judgment in favor of Wilmington.  Costs are awarded to Wilmington pursuant to I.A.R. 40.

Judge HUSKEY and Judge LORELLO, **CONCUR**.