## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51495

| | |
|---|---|
| REECE ELIZABETH MADISON, an individual, | ) |
| | ) Filed: March 14, 2025 |
| | ) |
| Plaintiff-Counterdefendant-Appellant, | ) Melanie Gagnepain, Clerk |
| | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| v. | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| BRETT MARTIN SURPLUS, an individual, | ) |
| | ) |
| | ) |
| Defendant-Counterclaimant-Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment dismissing complaint, <u>affirmed</u>.

Reece Elizabeth Madison, Bend, Oregon, pro se appellant.

Brett Martin Surplus, Rathdrum, pro se respondent.

_____

TRIBE, Judge

Reece Elizabeth Madison appeals from the judgment dismissing her complaint for breach of a settlement agreement.[1] We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Madison and Brett Martin Surplus are real estate agents. At one point, the parties were congenial enough for Madison to pay for Surplus to go through real estate school and take the real estate exam. However, the relationship soured, and Madison sought the return of the money spent

---

[1] The judgment also dismissed Brett Martin Surplus's counterclaim against Madison; however, Surplus did not appeal the dismissal.

1

to send Surplus to real estate school. The parties ultimately reached a settlement and executed a settlement agreement. The parties stipulated, in part, that: neither party was permitted to engage in civil or criminal charges against the other for "bad acts" that occurred before the settlement agreement; neither party was permitted to contact "the other party, the other party's immediate family, business entities owned or managed by [the parties], and known acquaintances of the other party," including by "phone, email, online messaging boards, or any other form of communication" and neither party was permitted to solicit any third party to do the same; Surplus was to pay Madison in the amount of $1000; and Madison was given up to twenty minutes on a Zoom videoconference to make statements to Surplus.

Madison subsequently filed a complaint against Surplus for breach of the settlement agreement. Madison alleged that Surplus breached the settlement agreement, in part, by not allowing her to speak for twenty uninterrupted minutes during the agreed-upon Zoom videoconference. Surplus filed a counterclaim for defamation and breach of the settlement agreement alleging that Madison left a negative Google review on his real estate website and that Madison contacted his employer and various real estate boards after the date the settlement agreement became effective. Surplus moved for summary judgment on Madison's claim. The district court granted Surplus's motion for summary judgment. Madison also moved for summary judgment on Surplus's counterclaim against her. The district court denied Madison's motion for summary judgment on Surplus's counterclaim. Surplus's counterclaim proceeded to trial. After trial, the district court entered its memorandum decision which included its findings of fact, conclusions of law, and its decision dismissing Surplus's counterclaim against Madison. The district court then entered a judgment dismissing Madison's complaint against Surplus and dismissing Surplus's counterclaim against Madison. Madison appeals.

## II.

## ANALYSIS

We must address Madison's failure to follow the Idaho Appellate Rules. Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* This Court has made clear that an appellant's brief must articulate the appropriate

2

standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *State v. Byrum*, 167 Idaho 735, 739, 476 P.3d 402, 406 (Ct. App. 2020). Failure to articulate or provide analysis relating to the relevant standard of review makes the appellant's argument conclusory which is fatally deficient to the party's case. *Id*. at 739-40, 476 P.3d at 406-07. Failure to include the correct standard of review on appeal may result in a waiver of claims on appeal. *Id*. at 740, 476 P.3d at 407. Madison does not include a standard of review section, nor does she clearly articulate the applicable standard of review within any part of her brief. Therefore, all parts of her brief are conclusory and cannot be reviewed on appeal.[2]

Next, while Madison provides only four citations to evidentiary support of her six arguments presented on appeal, the only citations provided are to the clerk's minutes but fail to direct this Court to the clerk's record or the supplemental record or the page number of those records. We will not comb the record on appeal for error. *Dawson v. Cheyovich Fam. Tr.*, 149 Idaho 375, 383, 234 P.3d 699, 707 (2010). On page four of Madison's opening brief, she cites, "Clerk's Minutes December 21, 2022[,] at 3:42:12 p[.]m.," to support her assertion that the district court notified the parties that "the case might be resolved by a motion for Summary Judgment." This statement is supported by the cited portion of the clerk's minutes.

However, three of these incorrectly formatted citations do not support the propositions which preceded them. On page five of Madison's opening brief, she cites, "Clerk's minutes March 1, 2023[,] 3:09:53, 3:10:50, 3:39:40, 4:18[:]00," to support her proposition that the district court denied "relevant parts of [Madison's] brief or exhibits." However, this citation does not support the proposition that the district court denied the exhibits. This citation only shows Madison discussing the exhibits. On page nine of Madison's opening brief, she cites, "Clerk's Minutes March 1, 2023, 3:15:48," to support the proposition that Surplus "was allowed to share his

---

[2]    Idaho Appellate Rule 35(a) states that an appealing party's brief "shall contain the following divisions under appropriate headings" then lists several divisions. In her opening brief, Madison includes sections that are close to the required headings titled: "Table of Cases and Authorities" and "ISSUES ON APPEAL." However, Madison has failed to include any other heading, required by I.A.R. 35, which would signify a division of the brief. Even if this Court could overlook this default, the substance of the sections also does not provide a distinction between a statement of facts and the arguments Madison intends to raise on appeal.

computer screen with the judge as evidence at the Motion for Summary [Judgment] hearing" however the cited minutes do not support that proposition. The minutes only show that Surplus states he "brought [his] computer to show where it comes from." We will not infer anything more. Finally, on page ten of her opening brief, Madison cites, "Clerk's minutes March 1, 2023[,] 3:30:38" to support her proposition that the computer screen was admitted "as evidence" which was "seen for the first time by the trial court and [Madison] during the hearing." This citation only includes the district court's statement, "show Ms. Madison and then show me," without any additional statements showing that the computer screen was admitted or that the screen had not been seen by the district court or by Madison prior to that moment. All other references to the procedural history and statements of fact in Madison's opening brief are not accompanied by citation to the record.

The Idaho Supreme Court recently stated: "[w]e will not consider issues that lack 'citations to the record, citations of applicable authority, or comprehensible argument.'" *Kelly v. Kelly*, 171 Idaho 27, 45, 518 P.3d 326, 344 (2022) (quoting *Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010)). *See also Owen v. Smith*, 168 Idaho 633, 646, 485 P.3d 129, 142 (2021) ("We will not consider the merits of the Owens' claims because they consist of conclusory statements that lack citations to the record."). It is not the role of this Court to search the record on appeal for citation or argument. *See Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). Appellants, rather than this Court, must ferret out and articulate the record evidence considered material to each legal theory advanced on appeal. *Id.* Claims are waived if not presented in accordance with the Idaho Appellate Rules. *Breckon v. Breckon*, ___ Idaho ___, ___, 557 P.3d 418, 443 (Ct. App. 2024). We affirm the district court as Madison has waived her claims on appeal.

Madison requests costs associated with this appeal but again fails to cite to any argument or authority to support her position. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Even if she had, she is not entitled to costs under the Idaho Appellate Rules. Idaho Appellate Rule 40 states that costs shall be awarded to the prevailing party, which Madison is not. Costs are awarded to Surplus.

### III.

### CONCLUSION

Madison has failed to comply with the Idaho Appellate Rules, failed to include a standard of review, and failed to provide citations to the record. The judgment dismissing Madison's complaint is affirmed. Costs are awarded to Surplus pursuant to I.A.R. 40.[3]

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[3] Surplus seeks that Madison be declared a vexatious litigant pursuant to Idaho Court Administrative Rule 59(d). Rule 59(d) requires that the finding of a vexatious litigant be made by an administrative judge therefore this Court will not address the issue.