IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51279

| THREE MILE PROPERTIES, LLC, an Idaho limited liability company, | ) ) | Filed: April 4, 2025 |
| | ) | |
| Plaintiff-Respondent, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| JAMES F. FAUVER, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Michelle M. Evans, District Judge.

Judgment quieting title and awarding declaratory relief, <u>affirmed</u>.

James F. Fauver, Lewiston, pro se appellant.

Creason, Moore, Dokken & Geidl, PLLC; Samuel T. Creason, Lewiston, for respondent.

TRIBE, Judge

James F. Fauver appeals from the district court's judgment quieting title and awarding declaratory relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Three Mile Properties, LLC (TMP) initiated this litigation to quiet title and to award declaratory relief to allow TMP access to a utility easement and a well that are located on Fauver's property. Fauver did not file an answer but, rather, filed a motion to dismiss. TMP moved for summary judgment. The district court denied both motions. Later, Fauver filed a second motion to dismiss and TMP filed a second motion for summary judgment. The district court denied Fauver's motion to dismiss and granted TMP's motion for summary judgment. The summary judgment authorized TMP "to access the well for such purposes of inspecting the well and

1

completing a pump flow rate test." Thereafter, TMP attempted to perform a test of the well at an agreed upon time, but the test could not be completed. TMP filed a motion for an order approving entry upon the land, which the district court granted. The district court entered a final judgment quieting title and awarding declaratory relief to TMP and specified that TMP's rights to the property were limited to the utility easement and to the well. Fauver appeals.

## II.

## ANALYSIS

We must address Fauver's failure to follow the Idaho Appellate Rules. "Pro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules." *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. I.A.R. 35; *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Fauver has failed to cite any propositions of law or authority in either his opening brief or his reply brief. Rule 35(a) states that an appealing party's brief shall contain several enumerated divisions, including a table of cases and authorities, which are missing from Fauver's brief.

Further, this Court has made clear that an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim on appeal. *State v. Byrum*, 167 Idaho 735, 739, 476 P.3d 402, 406 (Ct. App. 2020). Failure to articulate or provide analysis relating to the relevant standard of review makes the appellant's argument conclusory, which is fatally deficient to the party's case. *Id*. at 739-40, 476 P.3d at 406-07. Failure to include the correct standard of review on appeal may result in a waiver of claims on appeal. *Id*. at 740, 476 P.3d at 407. Because Fauver's brief does not include the standard of review, any arguments presented are conclusory.

Finally, Fauver fails to provide any citation to the record or transcript to support his assertions. We will not comb the record on appeal for error. *Dawson v. Cheyovich Fam. Tr.*, 149 Idaho 375, 383, 234 P.3d 699, 707 (2010). Because Fauver failed to follow the Idaho Appellate Rules, he has waived his claims on appeal.

TMP requests attorney fees and costs pursuant to Idaho Code § 12-121 and I.A.R. 40. Idaho Code § 12-121 permits the prevailing party to be awarded attorney fees when the court "finds

that the case was brought, pursued or defended frivolously, unreasonably or without foundation." "When an appellant fails to present a cogent argument as to why he should prevail, an award to his opponent is appropriate." *Turner v. Turner*, 155 Idaho 819, 827, 317 P.3d 716, 724 (2013). Because Fauver failed to follow the procedural requirements for filing an appellate brief, failed to support his assertions with law and authority and failed to direct this Court to the portions of the record that he believes demonstrate error, he has provided no basis for his claims which are waived. Therefore, Fauver has effectively asked this Court to second-guess the findings of the district court, without any basis for doing so. Because this appeal was brought frivolously, unreasonably and without foundation, TMP is entitled to attorney fees and costs on appeal.

## III.

## CONCLUSION

Fauver's arguments are waived for failing to follow the Idaho Appellate Rules and procedural guidelines on appeal. The district court did not err by granting TMP's motion for summary judgment. Accordingly, the judgment quieting title and awarding declaratory relief is affirmed. TMP is awarded attorney fees pursuant to I.C. § 12-121 and costs pursuant to I.A.R. 40.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.