# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52174

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 25, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JUAN PUENTE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. R. William Hancock, District Judge. Hon. Stacy Depew, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for failure to obey a traffic control device and failure to maintain clearly legible vehicle license plate, <u>affirmed</u>.

Michael J. Wood, Twin Falls, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Juan Puente appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming his judgment of conviction for failure to obey a traffic control device and failure to maintain a clearly legible vehicle license plate. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Puente was issued a citation for failure to obey a traffic control device--a red light. I.C. § 49-802(3)(a). Puente pled not guilty and a trial date was set before the magistrate court. At the beginning of trial, the State indicated its intent to file an amended complaint to allege an additional charge that Puente failed to keep the rear license plate of his vehicle legible. I.C. § 49-428(2).

1

When questioned by the magistrate court, Puente acknowledged that the prosecutor informed Puente of the amended charge a couple of hours prior to trial. Puente did not object to the filing of the amended complaint or request a continuance.

During trial, the State called the officer who cited Puente as a witness. The officer testified that, at the time of the stop, Puente's rear license plate was completely obscured by snow and unreadable. Puente did not object to this testimony. Before resting its case-in-chief, the State moved to formally add the license plate charge based on the evidence presented at trial. Puente did not object. At the conclusion of trial, the magistrate court found Puente guilty of both charges. Puente appealed to the district court, which affirmed. Puente again appeals.

## II.
## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.
## ANALYSIS

Puente contends that his due process rights were violated because the magistrate court did not sua sponte intervene and continue the trial when the State moved to amend the complaint and did not arraign him on the additional charge. The State responds that this Court should decline to consider the merits of Puente's claims because he failed to include a standard of review in his appellate brief and failed to properly challenge the district court's decision on intermediate appeal. We hold that Puente is not entitled to review of his appellate claims as a result of his failure to include a standard of review in his appellate brief or challenge the district court's decision on intermediate appeal.

2

An appellant's brief must articulate the applicable standard of review. *State v. Byrum*, 167 Idaho 735, 739, 476 P.3d 402, 406 (Ct. App. 2020). Failure to articulate or provide analysis relating to the relevant standard of review may result in a waiver of claims on appeal. *Id*. at 739-40, 476 P.3d at 406-07.

Puente failed to include a standard of review section or articulate the applicable standard anywhere in his briefing. Additionally, Puente's arguments only address alleged errors by the magistrate court without reference to or discussion of the district court's intermediate appellate decision. It is also well-established that claims may not be raised for the first time on appeal. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Puente's due process claims are unpreserved because they were raised for the first time on intermediate appeal to the district court. For the foregoing reasons, Puente has waived consideration of the merits of his claims on appeal.

## IV.

## CONCLUSION

Puente has failed to cite or apply the applicable standard of review, and his claims were not preserved in the district court. Therefore, Puente has waived consideration of the merits of his claims. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming Puente's judgment of conviction for failure to obey a traffic control device and failure to maintain a clearly legible vehicle license plate is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.