# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52975

| | | |
|---|---|---|
| PINEHAVEN PLANNING BOARD, | ) | |
| | ) | Filed: April 30, 2026 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| and | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| IDAHO LOTS, LLC, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY CARL BRIM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Steven W. Boyce, District Judge.

Judgment awarding property cleanup costs and attorney fees, <u>affirmed</u>.

Gregory Carl Brim, Island Park, pro se appellant.

Hawley Troxell Ennis & Hawley, LLP; Marvin M. Smith, Idaho Falls, for respondent.

---

MELANSON, Judge Pro Tem

Gregory Carl Brim appeals from the district court's judgment awarding property cleanup costs and attorney fees. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Brim owned residential property subject to recorded covenants and restrictions administrated by the Pinehaven Planning Board. Over time, disputes arose regarding the condition of Brim's property and whether it complied with the applicable covenants. Pinehaven alleged the property contained excessive debris and other materials inconsistent with the governing

1

restrictions. After efforts to obtain voluntary compliance were unsuccessful, enforcement proceedings were initiated. Pinehaven sought relief authorizing remediation and cleanup of the property, as well as recovery of associated costs. The district court entered orders addressing the alleged violations and ultimately allowed remediation work to occur.

Cleanup activities were subsequently undertaken, and Pinehaven later sought recovery of the expenses associated with that work. In support of its request, Pinehaven submitted a verified petition and a declaration from a contractor describing the work performed and the resulting costs. Brim disputed the scope of the work and the amount of the claimed expenses. Following proceedings in the district court, a judgment was entered requiring Brim to pay the cleanup costs, attorney fees, and costs. Brim appeals.

## II.

## ANALYSIS

Pro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Idaho Appellate Rule 35(a) states that an appealing party's brief "shall contain the following divisions under appropriate headings" then lists several divisions. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown,* 119 Idaho 687,691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Wash. Cnty. Rd. & Bridge Dep 't,* 130 Idaho 273,274,939 P.2d 849,850 (1997).

Further, this Court has made clear that an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *State v. Byrum*, 167 Idaho 735, 739, 476 P.3d 402, 406 (Ct. App. 2020). Failure to articulate or provide analysis relating to the relevant standard of review makes the appellant's argument conclusory which is fatally deficient to the party's case. *Id*. at 739-40, 476 P.3d at 406-07. Failure to include the correct standard of review on appeal may result in a waiver of claims on appeal. *Id*. at 740, 476 P.3d at 407. Brim does not include a standard of review section nor does he clearly articulate the applicable standard of review within any part of his brief.

Throughout both his opening and reply briefs, Brim provides minimal citation to relevant legal authority supporting his claims on appeal. In his table of authorities, Brim lists two Idaho Code provisions, including I.C. § 55-115 and Title 55, chapter 32, section 2, but his briefing does not meaningfully analyze those statutes or explain how they demonstrate error in the district court's decision. Further, Brim does not develop a legal framework supported by pertinent authority governing review of the district court's findings regarding scope of the cleanup or the reasonableness of the resulting costs. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Due to Brim's failure to include the standard for reviewing his claims on appeal, any issues presented on appeal or authority make the arguments presented conclusory such that we need not decide their merits.

Both parties request attorney fees on appeal. Brim generally requests attorney fees in his opening brief but does not identify a statutory or contractual basis supporting such an award or provide argument demonstrating entitlement to attorney fees. In any event, Brim is not the prevailing party. Accordingly, we decline to award attorney fees to Brim. *See* I.A.R. 41; *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Pinehaven requests attorney fees on appeal under I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Upon review of the record and the parties' briefing, we conclude that Brim's appeal was brought without a reasonable basis in fact or law. Accordingly, we award Pinehaven attorney fees on appeal under I.C. § 12-121 and costs pursuant to I.A.R. 40 as the prevailing party.

## III.

## CONCLUSION

Brim has failed to follow the Idaho Appellate Rules by not including a standard of review or issues presented on appeal. He has failed to develop legal authority supporting his claims. To the extent Brim advances arguments unsupported by authority or cogent analysis, those issues are waived. Brim has not shown reversible error in the district court's judgment. Accordingly, we affirm the judgment in favor of Pinehaven. Attorney fees and costs are awarded to Pinehaven.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.